THE PEOPLE on the relation of MURPHY *a.* THE METRO-
POLITAN POLICE COMMISSIONERS.

*Supreme Court, First District; Special Term, September,* 1857.

MANDAMUS.—HOW ADDRESSED.—AMENDMENT.

The Board of Police for the Metropolitan Police District (created by 2 *Laws of* 1857, 200, *ch.* 569) consists of the five commissioners appointed under the act, and the mayors of New York and Brooklyn.

The five commissioners do not constitute the Board.

The two mayors are not commissioners.

A precept—*e. g.*, an alternative mandamus—addressed to the police *commissioners,* does not embrace the two mayors, and so is not, even in effect, addressed to the *Board* of Police.

Whether an alternative mandamus seeking to enforce a duty resting upon a board of officers, in their collective capacity, is defective, merely because, though addressed to all the members of the board, it is addressed to them individually instead of collectively,—*Query ?*

No amendment should be allowed in an alternative mandamus after the return day.

Motion to quash a writ of alternative mandamus.

The relator, on an affidavit that he was formerly a policeman, and had been unlawfully removed from office, by the Board of Police for the Metropolitan Police District (created by 2 *Laws of* 1857, 200, *ch.* 569), obtained an alternative mandamus requiring them to restore him, or show cause to the contrary.

The writ was addressed " to the *Commissioners* of Police for the Metropolitan Police District of the State of New York."

On the return of the writ the defendants moved to quash it, for the reason that it was addressed to the Commissioners instead of to the Board of Police; whereas the act sought to be enforced could be done by the Board only.

*A. J. Vanderpoel* and *William Curtis Noyes,* for the motion.

*Anthony R. Dyett,* opposed.

PEABODY, J.—The plaintiff, on the return of an alternative mandamus, asks a peremptory mandamus commanding the defendants to admit the relator to the office, rights, and powers of a policeman or patrolman. The defendants move to quash the

writ, on the ground that it is directed to the Police Commissioners for the Metropolitan Police District, and not to the Board of Police of said district. The act creating the officers treats the commissioners as members of the Board of Police, and the principal duties and powers of the commissioners are exercised in and as members of the Board of Police, and if all the duties and powers of these officers were to be exercised in the Board, and this class of officers were the only members of the Board, the address to them as commissioners might be very much the same thing in effect as the address to the Board, which must be composed of them.

This is not the case, however; several classes of duties devolve on them individually, as commissioners, not as the Board, or members of it.

Section 20, for instance, confers certain powers on such commissioner individually and personally. The commissioners, when acting in their official character, do not always act as a Board of Police, but have powers and owe duties, as commissioners, which do not relate to the Board, or to them as members of it.

The Police Commissioners, moreover, do not compose or constitute the Board of Police, although always members of it; they are not, even when acting as a board, the entire Board of Police. The act, section 1, provides for the appointment of five commissioners of police, in a certain manner, and nowhere that I have seen, is the number spoken of as more than five. Nor is there any intimation contained in it that the number of commissioners therein spoken of should be more than five ; on the contrary, the number provided and the whole number contemplated by that act, in any part of it, seems to be five, and five only. After providing for the appointment of commissioners, section 1 proceeds: "The said commissioners, together with the mayors of the cities of Brooklyn and New York, *ex officio,* shall form the Board of Police," &c., &c., "and a majority of them shall constitute a quorum of such Board," &c.

The commissioners and the two mayors, then, constitute the Board. The commissioners alone do not constitute it. The mayors are *ex officio* members of the Board, but they are not, that I perceive, commissioners, unless membership of the Board makes them so, and if it does, it only makes them so when act-

ing in the Board and as members of it. Out of the Board they are not commissioners, and a precept addressed to the commissioners *as such*, would not embrace the mayors, even if while acting in the Board they are, as members of it, commissioners.

But there is nothing that I discover to lead to the opinion that, even while acting in the Board, they are, by reason of membership, commissioners. It is nowhere said that the Board shall be composed of commissioners, or that the members of it are such or act in that character; on the contrary, the passage I have quoted suggests very plainly the reverse.

The commissioners and mayors, it says in substance, compose the Board, and the mayors are members. The mayors of New York and Brooklyn are nowhere in the act styled, and they are not within the language of the act, commissioners.

The Board of Police is not composed entirely of the commissioners, but of five commissioners and the two mayors.

The number of commissioners is five, but the Board of Police consists of seven members. The writ being addressed to the commissioners, was not even addressed to all the persons who composed the Board, but only to five out of the seven members.

Whether, if it had been addressed to all the members of the Board, in their individual characters, as to the five commissioners and the two mayors (describing them all), it would have been good, I need not decide.

The address in that case would have been literally incorrect, no doubt, for it should have been addressed to their body aggregate and organized, in a manner to constitute the board for which it was intended, and which alone has power to do the acts sought to be enforced. But if the address had embraced individually all those persons or officers who collectively constituted the Board, the question would have been much more difficult than the case now presented. As it is, the writ is defective in not being addressed to the Board, nor to all the individuals who composed it. Such a defect is fatal to it. (*Tapp. on Mand.*, 311; *Johns. Cas.*, 2 ed., *note, p.* 217, *p.* 64 *of note.*)

The amendment would probably have been made if the error had been discovered in time, but at this time, after the return day, I think it cannot.

The motion must be granted without costs, and without prejudice to the rights of the plaintiffs or relator.